**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WESTFIELD INSURANCE COMPANY,

               Plaintiff,              CASE NO. 17-14042
                                     HON. DENISE PAGE HOOD

v.

PAVEX CORPORATION,
BRIAN MORRISON,

               Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING DATE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [#2]

On December 15, 2017, Plaintiff Westfield Insurance Company ("Westfield") filed a complaint against Defendants Pavex Corporation ("Pavex") and Brian Morrison ("Morrison") (collectively, "Defendants"). (Doc #1) Plaintiff alleges that the Defendants have breached their Indemnity Agreement with Westfield, and requests the Court grant certain declaratory and monetary relief. Now before the Court is Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction as to Defendants, which Plaintiff also filed on December 15, 2017. (Doc # 2) For the reasons stated below, Plaintiff's Motion for a Temporary Restraining Order is **DENIED**, and a hearing for the Motion for Preliminary Injunction will be held on January 5, 2018 at 9:30 a.m.

## I.  BACKGROUND

Plaintiff Westfield is an Ohio company.  (Doc # 1, Pg ID 1)  Defendant Pavex Corporation is a Michigan corporation.   Defendant Brian Morrison is a citizen residing in the state of Michigan.  (*Id.*)  Plaintiff filed its Complaint on December 15, 2017.  (Doc # 1)  Plaintiff's complaint alleges five-counts for relief, but has brought the present Motion "to compel the Indemnitors to abide by their contractual obligations to indemnify, hold harmless and exonerate Westfield from any and all claims and to provide Westfield payment necessary to secure Westfield against potential liability under bonds is furnished on behalf of one or more of the Indemnitors and to recover and protect trust funds."  (Doc # 2, Pg ID 8)  Westfield also seeks immediate access to Defendants' books and records "so that it can evaluate the claims made by those subcontractors and suppliers who claim Pavex has failed to pay them; assess it liability and mitigate its damages."  (*Id.*)

## II.  ANALYSIS

Federal Rule of Civil Procedure 65(b) allows the Court to issue a temporary restraining order without notice to the opposing party if the following circumstances are met:

> (A) specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
> (B) the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and immediate injury and has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Sniadach v. Family Finance Corp.,* 339 U.S. 337 (1969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504–06 (1973). Other factors such as the likelihood of success on the merits, the harm to the nonmoving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507–08; *Workman v. Bredesen,* 486 F.3d 896, 904–05 (6th Cir. 2007). Regarding the irreparable injury requirement, it is well established that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir.1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511–12. For example, the Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373,

96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Newsome v. Norris,* 888 F.3d 371, 378 (6th Cir.1989).

Here, Plaintiff has failed to show that it will be irreparably harmed absent a temporary restraining order. Plaintiff has requested that the Court order Defendants to pay Westfield $741,882.08. (Doc # 2, Pg ID 28) The Court is satisfied that this request seeks monetary damages. The Court notes that Plaintiff's request for damages to this point evidences a pecuniary loss.

The Court notes that the language used in Plaintiff's Motion is entirely compensable by money damages. Plaintiff requests that this Court enjoin Defendants from "selling, transferring, disposing of, or liening" various pecuniary interests including, but not limited to, "personal property, bonds, securities, companies, and other investments." (Doc # 2, Pg ID 29) Plaintiff also requests that the Court enjoin Defendants from performing various financial acts. (*Id.*) The Court is satisfied that these actions are pecuniary-based and this weighs against granting Plaintiff's motion.

In *Grupo Mexicano de Desarrolo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999), the Supreme Court held that the district court had no authority to issue a preliminary injunction preventing a defendant from disposing of assets pending adjudication of a plaintiff's claim for monetary damages. *Id.* at 333. The *Grupo Mexicano* case involved a breach of

contract claim for money damages by unsecured creditors of a group of investors who purchased notes involving a toll road construction. The Supreme Court recognized the case of the usual preliminary injunction where a plaintiff seeks to enjoin, pending the outcome of the litigation, an "action" that a plaintiff claims is unlawful. *Id.* at 314.

The Supreme Court also noted the difference between that injunctive relief and a preliminary injunction to protect an anticipated judgment of the court. *Id.* at 315. The Supreme Court stated that if a district court enters a preliminary injunction to protect assets in anticipation of a judgment of the court, as opposed to enjoining an "act" by the defendant, the defendant is harmed by the issuance of the unauthorized preliminary injunction. *Id.* at 315.

Plaintiff also request immediate access to the records which is a term under the Parties' agreement, which the Court has yet to determine was breached. This request is essentially a request for expedited discovery. A party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause or need in order to justify deviation from the normal timing of discovery. *See Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 420 (D.Colo.2003); *Diplomat Pharmacy, Inc. v. Humana Health Plan, Inc.,* 2008 WL 2923426 (W.D.Mich. Jul.24, 2008) (unpublished). Other than preserving the records, Plaintiff has not sufficiently justified deviation from the normal timing of

discovery. Plaintiff has not carried its burden of showing good cause or need in order to justify deviation from the normal timing of discovery. Plaintiff's request for immediate access to the records is denied.

Plaintiff seeks an Order to Show Cause to compel Defendants to appear. However, E.D. Mich. LR 65.1 provides that requests for temporary restraining orders and for preliminary injunctions must be made by motion and not by order to show cause.

Regarding equitable relief in the form of constructive trust, Courts have held that in order to issue an order freezing certain assets, the court must have sufficient evidence to show a threat that an individual will dissipate the assets. *Gen. Ret. Sys. of the City of Detroit v. Onyx Capital Advisors, LLC,* 10–CV–11941, 2010 WL 2231885 (E.D.Mich. June 4, 2010) (citing *Newby v. Enron Corporation,* 188 F.Supp.2d 684, 707–08 (S.D.Tex.2002)). In this case, Plaintiff has not submitted any evidence that there is a threat that Defendant will dissipate the assets. Plaintiff's Motion for Temporary Restraining Order as to Defendants Pavex and Morrison is **DENIED**.

### III.    CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order as to Defendants Pavex Corporation and Brian Morrison (Doc # 2) is **DENIED** pursuant to Fed. R. Civ. P. 65(b).

IT IS FURTHER ORDERED that the hearing for the Motion for Preliminary Injunction is set for **Friday, January 5, 2018 at 9:30 a.m.**  Plaintiff must serve a copy of this Order to Defendants by December 18, 2017.  Any response brief to the motion must be filed by December 26, 2017 and any reply brief must be filed by January 2, 2018.

s/Denise Page Hood
DENISE PAGE HOOD

DATED: December 15, 2017                    Chief Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2017.

s/Keisha Jackson
for Case Manager LaShawn Saulsberry