UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTFIELD INSURANCE COMPANY,

        Plaintiff,        CASE NO. 17-14042
                              HON. DENISE PAGE HOOD
v.

PAVEX CORPORATION,
BRIAN MORRISON,

        Defendants.
                               /

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#17]

**I. BACKGROUND**

On December 15, 2017, Plaintiff Westfield Insurance Company ("Westfield") filed a Verified Complaint against Defendants Pavex Corporation and Brian Morrison (collectively, "Defendants"). (Doc # 1) Plaintiff's allegations against Defendants include: Breach of Contract (Count I), Exoneration and *Quia Timet* (Count II), Specific Performance of the Indemnity Agreement (Count III), Temporary Restraining Order and/or Preliminary Injunction (Count IV),[1] and Declaratory Judgment (Count V). (*Id.*) On December 15, 2017, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc # 2)

---

[1] Plaintiff's fourth count is not actually a count, but a form of relief.

1

The Court denied Plaintiff's Motion for Temporary Restraining Order on December 15, 2017 (Doc # 5), but granted Plaintiff's Motion for Preliminary Injunction on January 4, 2018 (Doc # 9). Pursuant to the Stipulated Order Granting Preliminary Injunctive Relief, Defendants were given twenty days from the date of the Order to answer or otherwise respond to Plaintiff's Complaint. (Doc # 9) On January 3, 2018, Plaintiff provided the Court with proof of service for Defendants. (Doc # 7; Doc # 8) On June 21, 2018, having received no responsive pleading from either Defendant, Plaintiff requested a Clerk's Entry of Default against Defendants. (Doc # 11; Doc # 12) On June 21, 2018, the Clerk entered Default against Defendants. (Doc # 13; Doc # 14) On July 12, 2018, Plaintiff filed a Motion for Default Judgment against Defendants. (Doc # 17) A hearing on this Motion was held on August 29, 2018. To date, neither Defendant has filed an answer to the Complaint or a response to the instant Motion. Defendants had attorney William Donovan ("Donovan") and the Serra Donovan Law Group, P.C. appear on their behalf, but it was for the sole and limited purpose of representing Defendants in matters related to preliminary injunctive relief. (Doc # 9) The Court granted Donovan and the Serra Donovan Law Group, P.C.'s request to withdraw as counsel for Defendants on January 4, 2018. (*Id.*)

On March 1, 2017, Plaintiff and Defendants allegedly executed an Agreement of Indemnity ("Indemnity Agreement") in connection with at least eight construction

projects ("Projects") in Michigan that were to be completed by Defendants. (Doc # 1, Pg ID 3) Plaintiff agreed to issue Defendants various performance and payment bonds for the Projects. (*Id.*) Subsequently, Defendants defaulted on their contractual obligations that pertained to the Projects, which resulted in Plaintiff receiving claims against the bonds and paying several claimants. (*Id.* at 4-5.) Plaintiff now seeks to be compensated for the payments it has made pursuant to the Indemnity Agreement. (*Id.* at 5.) Plaintiff also alleges that pursuant to the Indemnity Agreement, among other things, Defendants were obligated to provide collateral to Plaintiff, and provide Plaintiff with access to their books and records. (*Id.* at 9.) Plaintiff perfected its security interest by filing an appropriate UCC financing statement. (Doc # 1-5)

Plaintiff asserts that it is entitled to a default judgment under Rule 55(b)(2) of the Rules of Civil Procedure. (Doc # 17) Plaintiff requests that the Court continue, as a permanent injunction, paragraph D of the Stipulated Order Granting Preliminary Injunctive Relief that was previously entered by this Court. (*Id.*) Plaintiff also requests specific performance of Defendants' obligations under the Indemnity Agreement. (*Id.*)

Regarding damages, Plaintiff requests that the Court enter judgment in its favor and against Defendants, jointly and severally, in the amount of $869,584.30. (*Id.* at 342.) This amount consists of $700,367.42 for losses that were incurred by

Plaintiff, to date, as a result of paying claims against the bonds, $160,927.38 constituting collateral that Plaintiff alleges it is entitled to for pending claims against the bonds in accordance with the terms and conditions of the Indemnity Agreement, and $8,289.50 in attorney's fees and consulting fees incurred as a result of having issued the bonds (including an award of statutory interest). (*Id.* at 342-343.)

## II. ANALYSIS

### A. Default Judgment

An Entry of Default under Rule 55 of the Rules of Civil Procedure is the first procedural step necessary to obtain a default judgment. *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party must then apply to the Court for entry of the default judgment. Fed. R. Civ. P. 55(b)(2). A default judgment may be entered by the Clerk when the plaintiff's claim is for a sum certain or a sum which can be made certain, and the defendant is not an infant or an incompetent person. Fed. R. Civ. P. 55(b)(1). The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Default judgment is generally disfavored because there is a "strong preference for trials on the merits." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). According to the Sixth Circuit, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). "When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d. 1470, 1472 (9th Cir. 1986)). The Court considers each factor below.

The first factor weighs in favor of entering default judgment. Plaintiff would suffer prejudice if the Court were to deny its Motion and dismiss this action without prejudice. If that were to happen, Plaintiff's only recourse would be to re-file, and it would be unlikely that Defendants would answer or respond to Plaintiff's subsequent complaint. The continuation of this case would only lead to Plaintiff enduring further prejudice because Plaintiff would still remain liable to claimants without receiving any relief from Defendants.

The second and third factors also weigh in favor of entering a default judgment. Plaintiff has alleged in its Complaint that a valid contract between it and Defendants was breached. Since Plaintiff's factual allegations are considered true due to Defendants' default, the analysis of the second and third factors becomes rather straightforward. *See Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

The fourth factor, the amount of money at stake, weighs in favor of Plaintiff. Plaintiff requests $869,584.30 in total damages. The amount Plaintiff is seeking is not extreme considering that it is the amount of money that Defendants agreed to pay Plaintiff under these circumstances.

The three remaining factors also weigh in favor of entering a default judgment against Defendants. Regarding the fifth factor, Defendants forfeited their right to dispute the allegations by not answering the Complaint. As for the sixth factor, Defendants' failure to answer the Complaint was not a result of excusable neglect because they were each served with the Complaint. Finally, regarding the seventh factor, while true that public policy favors the resolution of cases on the merits, Defendants have prevented a merits-based resolution by not appearing. *See State Farm Bank, F.S.B. v. Sloan*, No. 11-CV-10385, 2011 WL 2144227, at *3 (E.D. Mich. May 31, 2011).

The seven factors weigh in favor of granting the instant Motion.

Regarding the issue of damages, Rule 55(b)(2) of the Rules of Civil Procedure empowers a federal court to hold a hearing to determine damages, but such a hearing is not needed in all instances. *See SEC v. Smyth,* 420 F.3d 1225, 1231–32 n. 13 (11th Cir. 2005) (noting that an evidentiary hearing on damages is not a "*per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone"). Here, Plaintiff submitted an affidavit detailing its damages request. (Doc # 17-3) There is no need to hold a separate damages hearing.

Plaintiff also requests payment of its attorney's fees and costs incurred in pursuing this action. However, Plaintiff has not cited any provision in the agreement between Plaintiff and Defendants which awards attorney's fees to a non-breaching party should there be a finding of a breach of the agreement. Plaintiff also has not cited any statute which awards Plaintiff attorney's fees as the prevailing party in this type of lawsuit. Therefore, Plaintiff's request does not comply with the Federal Rules of Civil Procedure or this District's Local Rules, and must be denied at this time. *See* Fed. R. Civ. P. 54(d)(2); E.D. Mich. L.R. 54.1.2.

### B. Permanent Injunction

Plaintiff has also requested that the Court continue, as a permanent injunction, paragraph D from the Stipulated Order Granting Preliminary Injunctive Relief, which states:

> D. Indemnitors are restrained from selling, transferring, disposing of or liening their assets and property and further enjoined and restrained

from allowing their assets and property to be liened, sold, transferred or disposed of, other than in the ordinary course of business.

(Doc # 9, Pg ID 320) Considering that Defendants have failed to answer Plaintiff's Complaint or this instant Motion, the material allegations against them are taken as true. Since the Indemnity Agreement provides for injunctive relief (Doc # 17-2, Pg ID 351), the Court finds that injunctive relief is appropriate and grants Plaintiff's request for a permanent injunction as specified in paragraph D.

### C. Specific Performance

Plaintiff's request for specific performance directing Defendants to provide Plaintiff with complete access to their books and financial records is granted since Defendants have failed to respond to Plaintiff's Complaint or this instant Motion. Further, the Indemnity Agreement provides for this type of relief. (Doc # 17-2, Pg ID 355)

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff Westfield Insurance Company's Motion for Default Judgment against Defendants Pavex Corporation and Brian Morrison in the amount of $861,294.80 ($700,367.42 + $160,927.38) (Doc # 17) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Westfield Insurance Company's request for a permanent injunction is **GRANTED**: Defendants Pavex Corporation and Brian Morrison are restrained from selling, transferring, disposing of or liening their assets and property and further enjoined and restrained from allowing their assets and property to be liened, sold, transferred or disposed of, other than in the ordinary course of business.

IT IS FURTHER ORDERED that Plaintiff Westfield Insurance Company's request for specific performance is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff Westfield Insurance Company may file a motion for attorney's fees under E.D. Mich. L.R. 54.1.2 and may request costs under E.D. Mich. L.R. 54.1.

DATED: 2/22/2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge. U.S. District Court